IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAY JEFFERY REGAS

    Petitioner,            No. CIV S-10-3456 GGH P

    vs.

RICHARD B. IVES,

    Respondent.           <u>ORDER</u>

_____/

        Petitioner has filed a request for reconsideration of this court's order filed March 25, 2011, dismissing plaintiff's action without prejudice. This case is before the undersigned pursuant to petitioner's consent. Doc. 5. Petitioner filed an action under 28 U.S.C. § 2241, challenging a conviction in 1995 that occurred in the District of Nevada.

<u>Standards For Motions To Reconsider</u>

        Although motions to reconsider are directed to the sound discretion of the court, <u>Frito-Lay of Puerto Rico, Inc. v. Canas</u>, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus Local Rule 230(j) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion." The rule derives from the "law of the case" doctrine which

provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice."  Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment."  Costello v. United States, 765 F.Supp. 1003, 1009 (C.D. Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991).  These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency."  Costello, 765 F.Supp. at 1009.

In the instant action, petitioner was ordered to show cause why this case should not be construed as a § 2255 motion and why it should not be transferred to the District of Nevada, and why the case should not be dismissed as barred by the statute of limitations or as being successive, if petitioner has already brought a § 2255 motion.  Petitioner filed a response, but failed to adequately address the issues raised in the court's order.  Therefore, the case was dismissed without prejudice for plaintiff to make the decision to file this case as a § 2255 motion in the District of Nevada.  Petitioner has not presented any new arguments in the motion for reconsideration.

Therefore, IT IS HEREBY ORDERED that, upon reconsideration, this court's order of March 25, 2011, is affirmed.

DATED: May 2, 2011

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH: AB - rega3456.850